# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 28, 2020

**BY EMAIL & ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/2020

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **United States v. Delowar Hossain**
     **19 Cr. 606 (SHS)**

**MEMO ENDORSED**

Dear Judge Stein:

We write to respectfully request a modification of Delowar Hossain's bail conditions to permit him to celebrate the upcoming Eid al-Adha holiday with his family on July 31, 2020. In an e-mail to undersigned counsel, the government noted its objection to Mr. Hossain's request.

On Friday, July 31, 2020, Muslims all over the world will celebrate Eid al-Adha, a holiday commemorating Abraham's near sacrifice of his son at God's direction. Along with Eid al-Fitr, the holiday that concludes Islam's holy month of Ramadan, Eid al-Adha is one of the holiest days in Islam.

To facilitate his observance of the Eid al-Adha holiday, Mr. Hossain requests the Court's permission to leave his parents' home on July 31 at 8:00 a.m. to attend services at the nearby Islamic Cultural Center of New York, 1711 3rd Avenue, New York, NY 10029, and to travel to Mariam Khandakar's home at 222-18 109th Avenue, Queens Village, NY 11429, for a family gathering. Ms. Khandakar is one of the five co-signers on Mr. Hossain's bond. The defense also proposes that the Court order Mr. Hossain to return to his parents' home no later than 11:00 p.m. on July 31, 2020

1

and to also remain in the presence of one of his parents at all times, including when moving from one location to another.

The Bail Reform Act requires the Court to fashion the least restrictive conditions necessary to reasonably assure Mr. Hossain's appearance as required and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, also provides that governmental action should not substantially burden the free exercise of religion unless it advances a compelling interest. Indeed, notwithstanding his status as a pre-trial releasee, Mr. Hossain retains his right under the free exercise clause of the First Amendment to have religious beliefs and to act according to those beliefs. United States v. Hernandez, 209 F. Supp. 3d 542, 544-45 (E.D.N.Y. 2016). See also United States v. Kahane, 396 F. Supp. 687, 699 (E.D.N.Y. 1975) ("First Amendment rights may be curtailed only by the least drastic means."). With this in mind, allowing Mr. Hossain to celebrate a significant religious holiday with his family at a local mosque, and thereafter at the home of one of his co-signers, strikes an appropriate balance between Mr. Hossain's First Amendment rights and the Court's prerogatives under 18 U.S.C. § 3142(c). Hernandez is illustrative.

In Hernandez, the district court struck as unconstitutional the magistrate court's imposition of a bail condition on a supervised-releasee (convicted of receiving child pornography) that he not attend church services where minors are present. 209 F. Supp. 3d at 547. According to the court, "[a]ny limitation on exercise of religious freedom rights must be as narrow as practicable and clearly related to an appropriate governmental need." Id. at 546. Given the defendant's fundamental "right to attend church services," the court held that categorically precluding him from attending church because children might be present was "unnecessarily burden[some]." Id. at 547. In doing so, the court admonished the defendant to not physically touch minors, unless it was in furtherance of a religious obligation. Id. This no-contact condition struck the "necessary balance of allowing defendant to exercise his freedom to associate and participate in religious services, while protecting minors." Id.

Similar to Hernandez, no compelling governmental interest justifies categorically precluding Mr. Hossain from participating in the observance of a significant religious holiday. This is especially true given the specifics of Mr. Hossain's proposed modification. In particular, Mr. Hossain has requested a discrete reprieve that is limited in scope (from 8:00 a.m. to 11:00 p.m. on July 31, 2020) and that will allow him to engage in a communal celebration with his family at the home of one of the co-signers of his bond—a person who has a $250,000 incentive to ensure that Mr.

Hossain scrupulously adheres to his bail conditions. Against this backdrop, denying Mr. Hossain's request would unfairly impair his First Amendment-protected associational interests. The Court should grant Mr. Hossain's request and permit him to leave his parents' home on July 31, 2020 to attend religious services and to celebrate Eid al-Adha with his family.

Respectfully Submitted,

/s/

Amy Gallicchio
Andrew J. Dalack
Assistant Federal Defenders
(212) 417-8728/8768

Cc: Government Counsel

*(handwritten) (1) parent must be with him at all times.*

SO ORDERED 7/29/2020

/s/ Sidney H. Stein

SIDNEY H. STEIN
U.S.D.J.

3