

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 23, 2020

<u>VIA CM/ECF</u>

**MEMO ENDORSED, p. 3**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Delowar Mohammed Hossain*, S1 19 Cr. 606 (SHS)

Dear Judge Stein:

    The Government writes to respectfully request clarity relating to the trial date in the above-captioned matter, scheduled to begin December 15, 2020. The Government previously extended a plea offer to the defendant on July 28, 2020, which the defendant rejected on August 17, 2020. To be clear, the Government does not intend to make a further plea offer in this case; thus, the Government anticipates to proceed to trial as scheduled. However, the undersigned recently learned that another criminal trial, *United States v. Rakim Brown*, 19 Cr. 513, is scheduled to proceed on the same day before Your Honor.[1] Given the unusual safety and economic risks that accompany trial preparation during the pandemic—particularly to witnesses—the undersigned asks that the Court confirm that the currently scheduled trial date is a firm date on which this case will proceed, or, in the alternative, adjourn the currently scheduled date to one on which this case will be able to go forward.

    The Government's request is rooted in safety concerns: given that both cases are prepared to proceed on the current schedule, the witnesses in one of the cases would be required to assume the risks of preparing to testify twice should one of the trials be adjourned relatively close to the start of jury selection. For example, at trial in this matter, the Government intends to call as

---

[1] The undersigned have conferred with the Assistant U.S. Attorneys handling *Brown* and have been advised that *Brown* is also unlikely to be resolved through a pretrial disposition; thus, both cases will proceed to trial. In addition, the undersigned understand that, because the defendant in *Brown* is currently detained and the defendant in this case has been released on bail, and because the trial date in *Brown* was set first, *Brown* is likely to take priority pursuant to the protocol currently in place for scheduling of trials.

Page 2

witnesses two confidential sources (the "CSes") working for the Federal Bureau of Investigation ("FBI"). Separate from their work for the FBI, both CSes are employed in public-facing retail businesses that have remained open during the pandemic, and so are both at heightened risk of contracting COVID-19 and of transmitting it to others. While some aspects of trial preparation can be shifted online, many tasks cannot be undertaken remotely, particularly given the large volume of recorded conversations at issue in this case, thus requiring in-person travel and interaction. Each interaction increases the risks to the health and safety of everyone involved—including, of course, the public as a whole. Should this case be adjourned on the eve of trial, many, if not most, of those interactions will have to be duplicated, essentially doubling the risks to witnesses, attorneys, and law enforcement officers created by the trial preparation process.

In addition, one of the CSes, one law enforcement officer, and one of the expert witnesses the Government expects to call—which comprise the majority of the Government's witnesses—reside outside of New York state. The CS and the agent reside in the Tri-State Area, and the expert resides in a mandatory quarantine state. *See, e.g.*, Governor Cuomo Announces Travel Advisory Requiring 14-Day Quarantine, Oct. 20, 2020, *available at* https://www.governor.ny.gov/news/governor-cuomo-announces-travel-advisory-requiring-14-day-quarantine (adding two states to the quarantine list, noting that no states have been removed, and noting that "Connecticut, New Jersey and Pennsylvania now meet the criteria for the travel advisory," but have not yet been restricted).

The Court's current protocols require significant advance planning to ensure that out-of-state witnesses comply with then-applicable quarantine and COVID-19 testing requirements so that the witnesses may enter the courthouse.[2] These considerations also affect witnesses' ability to maintain employment in a time of great financial hardship and will, at a minimum, require them to take additional time off from work to comply with quarantine and testing requirements.[3] While the Government is committed to doing its part to ensure the safety of all participants in the trial, and the witnesses will of course comply with the protocols in effect at the time of their testimony, the Government wishes to avoid a situation in which witnesses must quarantine or travel unnecessarily.

---

[2]  Compliance with these procedures is further complicated by the fact that the states to which quarantine protocols apply are changing with some frequency, requiring further advance planning to ensure that out-of-state witnesses can comply with shifting requirements. *Cf. Carroll v. Trump*, 20 Civ. 7311 (LAK), Dkt. 27 (in-person oral argument disrupted by addition of Virginia to the list for which a 14-day quarantine is required only seven days before argument). The Government further notes that many public health experts anticipate increasing rates of infection as the United States moves into the winter season.

[3]  For example, the Government understands that one CS needs to give three weeks' notice to his employer in advance of taking time off.

Page 3

      Accordingly, the Government respectfully submits that it would be appropriate to provide further certainty about the trial date in this matter, so as to avoid subjecting witnesses to these risks unnecessarily. Although the trial date in this matter is still approximately seven weeks away, the Government respectfully requests additional clarity on whether this matter will proceed to trial as scheduled by October 30, 2020, given that the Government has already begun conducting in-person meetings to prepare witnesses (which will not be possible once witnesses must begin quarantining) and that substantial advance notice is required for witnesses to make plans to comply with quarantine requirements.

      To be clear, the Government stands ready to proceed to trial in this case on December 15, 2020. In light of the aforementioned concerns, however, the Government respectfully requests that the Court confirm that the currently scheduled trial date is a firm date on which this case will proceed. In the alternative, if *United States v. Rakim Brown*, 19 Cr. 513, will take priority on that date, the Court should adjourn the currently scheduled trial date in this matter to one on which this case will be able to go forward. Further certainty will allow the Government to take appropriate steps to ensure compliance with the Court's COVID-19 protocols and protect the health and safety of all trial participants.

      Prior to filing this letter, the Government conferred with defense counsel, who requested that the undersigned set forth the defense position as follows: The defense shares the government's concerns about COVID-19, trial preparation, in-person meetings/interviews with prospective government witnesses, and avoiding duplicating efforts. The defense also has additional concerns about proceeding to trial on December 15, 2020, including the outstanding nature of the defense's motion to compel, and COVID-19's impact on counsels' ability to complete their defense investigation and adequately prepare potential defense witnesses. Accordingly, the defense respectfully submits that an adjournment of the trial to a date in the first or second quarter of 2021 is appropriate, and requests an opportunity to confer with the government and propose mutually-agreeable dates for the Court's consideration. The defense consents to the exclusion of any additional period of delay from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(7)(A).

      Respectfully submitted,

      AUDREY STRAUSS
      Acting United States Attorney for the
      Southern District of New York

By: _____
      David W. Denton, Jr.
      Jessica K. Fender
      Assistant United States Attorneys
      (212) 637-2744 / 2276

cc:    Defense Counsel, via CM/ECF

**The trial of this matter will commence on December 15, 2020, at 9:30 a.m., as set forth in the Order dated September 23, 2020 [Doc. No. 48]. A courtroom has been reserved for this trial on December 15, meeting all the requirements of the COVID-19 protocols.**
**Dated:  New York, New York**
           **November 2, 2020**

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.