UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
                         :

UNITED STATES OF AMERICA,       :      (S1) 19 Cr. 606 (SHS)

                         :

            -v-               :

                         :

DELOWAR HOSSAIN,           :

                         :

             Defendant.     :

                         :

--------------------------------------------------------X

## DEFENSE PROPOSED JURY INSTRUCTIONS

**DAVID E. PATTON, ESQ.**
Federal Defenders of New York, Inc.
Attorney for Defendant
**DELOWAR HOSSAIN**
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700

Of Counsel:

_____/s/_____

**Amy Gallicchio, Esq.**
**Andrew J. Dalack, Esq.**
Assistant Federal Defenders

TO:  **AUDREY STRAUSS, ESQ.**
      Acting United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, NY 10007

      Attn:  **David W. Denton Jr., Esq. & Jessica K. Fender, Esq.**
              Assistant United States Attorneys
              Southern District of New York

# Table of Contents

I.   Opening Instructions ...........................................................................................1

   A.  The Indictment, Presumption of Innocence, and Preliminary Instructions on
   the Elements of the Offense ..............................................................................2

   B.  Order of Trial ................................................................................................3

   C.  Duty of the Jury ............................................................................................5

   D.  Conclusion ....................................................................................................8

II.   Instructions During Trial [Non-Exhaustive] .................................................9

   A.  Admonitions at court recesses ......................................................................9

   B.  Typewritten transcripts of tape recorded conversations .............................10

   C.  The question is not evidence .......................................................................10

   D.  Opinion evidence (before expert testifies) ..................................................11

III.   General Final Instructions ...........................................................................11

   A.  Province of the Court and of the jury .........................................................11

   B.  Judging the evidence ...................................................................................12

   C.  Evidence received in the case .....................................................................12

   D.  Inferences from the evidence ......................................................................13

   E.  Credibility of witnesses ..............................................................................14

   F.  Consider only the crimes charged ...............................................................16

   G.  Presumption of innocence, burden of proof, and reasonable doubt .............17

   H.  Consider each count separately ...................................................................17

IV.   Specific Instructions Regarding the Crimes Charged .................................18

   A.  The nature of the government's allegations .................................................18

   B.  The statutes and regulations defining the offenses charged ........................18

   C.  The elements of the offenses charged ..........................................................19

   D.  Theory of the defense ..................................................................................22

   E.  Deliberations and the requirement of a unanimous verdict .........................22

   F.  Supplemental instructions regarding a unanimous verdict ..........................23

**<u>United States v. Delowar Hossain</u>, 19 Cr. 606 (SHS)**

Defense Proposed Jury Instructions:[1]

# I.    Opening Instructions

Members of the Jury,

What I say now is intended to serve as an introduction to the entire trial of this case. It is not a substitute for the detailed instructions on the law which I will give to you at the end of the case and before you retire to deliberate on your verdict. It is only a brief overview of the trial process.

Beginning with these preliminary instructions and during the trial you will hear me use a few terms with which you may not be familiar. Let me now briefly explain some of the most common to you.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyers" or "attorneys." I will sometimes refer to myself as the "Court." The prosecution and the defendant are sometimes called the "parties" to this case.

When I "sustain" an objection, I am excluding that evidence from this trial for good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When we say "admitted into evidence" or "received into evidence" we mean that this particular statement or this particular exhibit is now part of the trial and, most important, may be considered by you in making the decisions you must make at the close of this case. Statements or exhibits which are not "admitted into evidence" may not be considered by you in reaching your verdict.

The term "burden of proof" or "sustaining its burden of proof" means the government's obligations of proving its case in this trial—that is, the government's obligation to produce proof beyond a reasonable doubt of the charges it alleges in the indictment.

---

[1] Primary source: 1A Fed. Jury Prac. & Instr. §§ 10 through 21 (6th ed.).

## A. The Indictment, Presumption of Innocence, and Preliminary Instructions on the Elements of the Offense

This is a criminal case commenced by the United States, which I may sometimes refer to as the "prosecution" and sometimes as "the government," against Delowar Hossain. This case was brought by way of an indictment, which accuses Mr. Hossain of attempting to:

  i.   Travel outside of the United States to join a terrorist group for the purpose of killing United States nationals located abroad; and
  ii.  Provide personnel, funds, goods, and services to the Taliban, a specially designated global terrorist by the United States Department of Treasury.

Those crimes are based on Title 18 of the United States Code Section 2339A and Title 50 of the United States Code Section 1705(a).

It is important for you to understand that the indictment is simply a charge by the government to begin a case. The indictment is not, in any sense, evidence of the allegations and you should not construe it as implying anything about Mr. Hossain's guilt or innocence. It is just a document that states the allegations the government must prove beyond a reasonable doubt.

Mr. Hossain has pleaded "not guilty" to the government's charges. Mr. Hossain contends that he is not guilty because his conscious objective, intent, or purpose was never to join the Taliban in order to kill others, or to provide the group with personnel, funds, goods, or services of any kind.

The government has the burden or obligation to prove each of the essential elements of the crimes charged in the indictment to you beyond a reasonable doubt. The purpose of this trial is to determine whether or not the government can meet this burden or obligation. It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.
Now and throughout the duration of this trial, you must presume that Mr. Hossain is innocent and not guilty of the crimes charged in the indictment.

Title 18 U.S.C. § 2339A prohibits the actual or attempted provision of material support and resources, including personnel, to carry out a specific predicate crime. Here, as I mentioned above, the government has accused Mr. Hossain of knowingly and intentionally attempting to join a terrorist group (the Taliban) for the purpose of committing the predicate offense of killing United States nationals abroad (a violation of 18 U.S.C. § 2332). As I will explain in more detail later, to find Mr. Hossain guilty of this charge, the government must prove to you beyond a reasonable doubt that:

  i.   Mr. Hossain's conscious objective was to travel overseas to join the Taliban and provide himself as personnel to assist the group in killing United States nationals located abroad; and
  ii.  Mr. Hossain took some sort of action that strongly or unequivocally corroborates his specific intent to join the Taliban and kill U.S. expatriates.

Title 50 U.S.C. § 1705(a) prohibits the actual or attempted provision of funds, goods, services, and/or personnel for the benefit of groups or individuals that the Department of Treasury has labeled a "specially designated global terrorist." Here, the government has accused Mr. Hossain of willfully attempting to provide the Taliban with personnel (himself) and other funds, goods, and services. As I will explain in more detail later, to find Mr. Hossain guilty of this charge, the government must prove to you beyond a reasonable doubt that:

  i.   Mr. Hossain's conscious objective was to make a contribution of funds, goods, and services to and for the benefit of the Taliban; and
  ii.  Mr. Hossain took some sort of action that strongly or unequivocally corroborates his specific intent furnish the Taliban with personnel, funds, goods, and services for the group's benefit.

At the conclusion of the trial, after you have heard all of the evidence and after I have had an opportunity to confer with the lawyers, I will give you the final and controlling statement as to what the elements of the crimes are. I am giving you this preliminary summary now to help you as you hear the evidence and see the exhibits as the trial progresses.

### B. Order of Trial

The trial will proceed in the following order:

First the parties have the opportunity to make opening statements. The government may make an opening statement at the beginning of the case. The defendant may

make an opening statement right then or at the close of the government's case. The defendant is not obligated to make an opening statement.

What is said in the opening statements is not evidence. The opening statements simply serve as an introduction to the evidence which the party making the opening statement intends to produce during the trial.

Second after any opening statements, the government will introduce evidence which it feels supports the charges contained in the indictment. Because the government has the burden of proof, it must present evidence. Your primary job is to decide whether the evidence is credible and whether it proves the defendant's guilt beyond a reasonable doubt.

Third after the government has presented its evidence, the defendant may present evidence. But you must remember: Mr. Hossain has no obligation to present any evidence whatsoever, and can simply argue that the government failed to meet its burden of proof. The burden or obligation, as you will be told many times during the course of this trial, is always on the government to prove each and every element of the offenses charged beyond reasonable doubt. The law never imposes on a defendant in a criminal case the burden of calling any witnesses, producing any exhibits, or introducing any evidence. A defendant is presumed to be innocent of the charges unless and until the government has proven his guilt beyond a reasonable doubt. Further, you cannot hold it against Mr. Hossain if he chooses to not introduce any evidence at all.

Fourth after all of the evidence has been received—after all of the witnesses have testified and after all of the exhibits have been admitted—each party will be given the opportunity to present argument to you in support of its case. This is called "closing argument." What is said in closing argument is not evidence, just as what is said in the opening statements is not evidence. The closing arguments are designed to present to you the theories and conclusions of the parties as to whether the government has met its burden of proof, including what each side believes the evidence has shown and what inferences may be drawn from the evidence or lack of evidence.

Fifth after you have heard the closing arguments of all parties, I will give you the final instructions concerning the laws which you must apply to the evidence received during the trial. Those instructions will be much more detailed than these I am giving you now. You will then retire to deliberate and consider your verdict. To find Mr. Hossain guilty, your verdict must be unanimous—all twelve of you must agree that the government proved each element of its charges beyond a reasonable doubt. Your

deliberations will also be secret, and you will not be required to explain your verdict to anyone.

<u>Sixth</u> you must keep an open mind to both the government and the defense during this trial. As you know, there are generally two sides to most stories and you must not make up your mind about any of the questions in this case until you have heard all of the evidence and all of the law which you must apply to that evidence—in other words, until you begin your deliberations. There is to be absolutely no discussion whatsoever amongst yourselves about any aspect of this case until I authorize you to deliberate following my final instructions.

## C. Duty of the Jury

Your assignment as jurors is to find and determine the facts. Under our justice system, you are the sole judge of the facts. If at any time I should make any comment regarding the facts, or if you perceive or think that I am making some comment on a piece of evidence, you are at liberty to disregard it totally. It is especially important that you perform your duty of determining the facts as diligently and conscientiously as if you were on trial, for ordinarily there is no means of correcting an erroneous determination of the facts by a jury.

With equal emphasis, I also instruct you that the law I will give in these and other instructions constitute instructions you must follow. It is your duty to accept and to follow the law as I give it to you even though you may disagree with the law.

You are to determine the facts solely from the evidence admitted in the case. This evidence will consist of the testimony of witnesses and exhibits received. Questions asked by the lawyers are not evidence, for the evidence consists of the witnesses' answers to the questions—not the questions themselves. As I said earlier, statements and arguments of counsel are not evidence. Counsel, however, may enter into agreements or stipulations of facts which are not in dispute in this case, and when they do so, you may accept those facts as established. I may also tell you that I am taking judicial notice of certain facts, and you then may accept those facts as true. It is always up to you, however, to decide what facts are and are not established by the evidence and what inferences are to be drawn from the evidence or lack of evidence.

The parties may sometimes object to some of the testimony or exhibits. An objection is a proper method of requesting a ruling from the Court concerning evidence. It is the duty of a lawyer to object to evidence which he or she believes may not properly be received or admitted. You should not be prejudiced in any way against a lawyer who makes objections or against the party he or she represents. At times I may sustain

objections or direct that you disregard certain testimony or exhibits. You must not consider any evidence to which an objection has been sustained or which I have instructed you to disregard.

Do not read any news accounts about this case in any newspaper or on the internet or watch any such news accounts on television or listen to any such news accounts on the radio. You must not consider anything you may have read or heard about the case outside of this courtroom—whether before or during the trial or during your deliberations. There has been some publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court and who, therefore, cannot be seen and evaluated by the jury like all of the other witnesses and will not be examined or cross-examined by either of the parties under oath.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions. To rely upon anything you see or hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.

Do not attempt any independent research or investigation about this matter. Your decision in this case must be based solely and exclusively upon the evidence received during this trial, my final instructions, and not upon anything else.

In attempting to determine the true facts in this case you may be called upon to judge the credibility of the witnesses who testify in this trial. In deciding whether or not to believe what a witness has said, I suggest that you consider the intelligence of the witness, the ability of the witness to have seen or heard what the witness said was seen or heard, the ability of the witness to remember what happened, any interest that the witness might have in how this case is decided, and whether the testimony is reasonable. You are free to believe all of what a witness or exhibit says, some of it, or none of it. I will address this subject again after you have heard all of the evidence in the trial.

No statement, ruling, remark, or comment which I may make during the course of the trial is intended to indicate my opinion as to how you should decide the case or is intended to influence you in any way in your determination of the facts. I may, for example, ask questions of witnesses. If I do so, it is for the purpose of eliciting additional information and not in any way to indicate my opinion about the facts or to indicate the weight I feel you should give to the testimony of the witness so

6

questioned. I may also find it necessary, for example, to admonish the lawyers and, if I do, you should not show prejudice toward a lawyer or the client of that lawyer because I have found it necessary to correct him or her.

At times during this trial it will be important for me to confer privately with the lawyers and others about various evidentiary and procedural issues. During these conferences—both here at the bench and in my chambers—it is not our intention to hide anything from you, but simply to determine how certain issues will be handled. Please be patient with us during any such delays. We are only taking care to ensure that the trial is being conducted fairly and according to the law.

At times you will also be required to wait in your jury room while I am required to hear and decide other matters from other cases not connected with this one. These delays are unavoidable. I do everything I can to keep these interruptions to a minimum, but can never avoid them entirely. Please be patient.

If, and only if, you find Mr. Hossain guilty of the charges, will it become the duty of the Court to pronounce a sentence. You cannot concern yourself in any way with what Mr. Hossain might receive if you should find him guilty. Your function is solely to decide whether the government has sustained or carried its burden of proving the charges to you beyond a reasonable doubt.

This trial will be conducted in English. This is true even though portions of testimony will be translated by an official court interpreter into English for you. You must be guided solely by the official English translation even if you are familiar with the other language used.

The attorneys and the parties will not speak with you because I have already instructed them that they must not. When you see one of the lawyers in the hallway, for example, and he or she does not speak with you, that lawyer is not being rude, cold, or unfriendly, but is simply doing what I have ordered all of the lawyers to do in this case. It is not appropriate for one side or the other to this case to be speaking with any of you no matter how innocent or trivial that conversation might be.

Again I remind you: until this case is submitted to you to begin your deliberations, you must not discuss it with anyone at all—even with your fellow jurors. After it is submitted, you must discuss the case only in the jury room with your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you and you have received the final instructions of the Court regarding the law which you must apply to the evidence.

### D. Conclusion

Please keep a few key principles in mind as we begin this trial.

Your job is to decide all of the factual questions in this case—like who should be believed and who should not be believed. I will decide all of the legal questions in this case—like what testimony or exhibits are received into evidence and which are not received. Please do not concern yourselves with the legal questions.

Mr. Hossain has pled not guilty and is presumed to be innocent of the crimes charged. As such, he is not required to produce any evidence whatsoever. By bringing the indictment, moreover, the government has the responsibility of proving its case to each of you—unanimously—beyond a reasonable doubt, if it is to receive a guilty verdict. Otherwise, your verdict must be "not guilty."

Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence, and the law as I instruct you. In reaching your decision as to whether the government has met its burden of proof, it would be improper for you to consider any personal feelings you may have about Mr. Hossain's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I have discussed.[2]

Similarly, you should not permit your deliberations or decision to be influenced by unconscious or implicit biases. Everyone, has feelings, assumptions, perceptions, fears, and stereotypes—that is unconscious biases—that we may not be aware of. These hidden thoughts can impact our impressions of what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that your verdict be based solely on the evidence or lack of evidence; your individual evaluations of that evidence and of the credibility of witnesses; your reason; your common sense; and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.[3]

---

[2] Adapted from Sand, Instr. 2-11.

[3] Adapted from Judge Mark W. Bennett, <u>Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions</u>, 4 Harv. L. & Pol'y Rev. 149, 171 n.85 (2010) (explaining instruction he gives in every jury trial).

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged or the laws which apply to this case to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case and the law as I instruct you.[4]

Finally, do not discuss this case with anyone and keep an open mind regarding each issue in the case until all of the evidence has been received. At that time, I will be able to give you the complete and final instructions which you must use to guide you in reaching your decisions. Then and only then will you be fully prepared to begin your deliberation and reach your verdict.

## II.     Instructions During Trial [Non-Exhaustive]

### A. Admonitions at court recesses

We are about to take a break from the courtroom proceeding, customarily known as a "recess." It is very important that you keep in mind and obey the following instructions with reference to each of the recesses of Court during the day and over the evening whether I specifically remind you of this instruction or not.

First, you should keep an open mind throughout the trial, reaching your decision only during your deliberations after all the evidence has been admitted and after you have heard the closing arguments of counsel and after you have been given my instructions on the law.

Second, do not discuss the case either among yourselves or with anyone else during the course of the trial.  Do not permit any third person to discuss the case in your presence and, if anyone does so despite your telling him or her not to, please report that fact to the Court immediately.

Third, though it is a normal human tendency to talk with people with whom one comes into contact, please do not talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness.  By this I mean not only to avoid talking about the case, but do not talk at all, even to pass the time of day or simply to be polite. In no other way can all parties to this case be assured of the absolute impartiality they are entitled to expect from you as jurors. Each of the lawyers already knows that no communication is permitted between them and jurors. They are not

---

[4] Adapted from Sand, Instr. 2-11.

being unfriendly when they do not speak with you. The lawyers are simply following my orders.

Fourth, do not read about the case in the newspapers or on the internet or listen to radio or watch television broadcasts about the trial. If a newspaper headline or news broadcast about the case catches your eye or ear, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all of the testimony, may be getting information from people who you will not see here in court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong. You must base your verdict solely and exclusively on the evidence received here in court during the trial.

## B. Typewritten transcripts of tape recorded conversations

Tape recordings of conversations have been received in evidence and will be played for you. Typewritten transcripts of these tape recorded conversations will also be furnished to you. These typewritten transcripts of conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

Crucially, the tape recorded communications themselves are evidence, but the typewritten transcripts are not. If you perceive any variation between the recordings and the transcripts, you must be guided solely by what you hear on the tapes and not the transcripts.

For example, if you cannot determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words and/or that speaker are concerned. Any discrepancy between what you hear and what is on the transcripts must be resolved in favor of what you hear.

## C. The question is not evidence

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

### D. Opinion evidence (before any expert testimony)

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, the Court may permit an "expert witness" to state an opinion as to a matter in which he or she claims to be an expert.

### III.   General Final Instructions

### A. Province of the Court and of the jury

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of trial, those given to you during trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you are to be governed by the instructions I give you.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions. You should also not concern yourself with the wisdom of any rule of law I have stated. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law

that that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion. Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions.

### B. Judging the evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions and evidence. You are expected to use your good sense in considering and evaluating the evidence in this case. Use the evidence only for those purposes for which it has been received. Give the evidence a reasonable and fair construction in the light of your common sense. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received and my instructions. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

### C. Evidence received in the case

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed. It bears emphasizing that tape recordings of conversations have been received in evidence and will be available to you while you deliberate. Typewritten transcripts of these tape recorded conversations will also be furnished to you. These typewritten transcripts of conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

Crucially, the tape recorded communications themselves are evidence, but the typewritten transcripts are not. If you perceive any variation between the recordings and the transcripts, you will be guided solely by what you hear on the tapes and not the transcripts.

To the extent the attorneys on both sides have stipulated or agreed as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has also taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

You must disregard entirely any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. Questions, objections, statements, and arguments of counsel are not evidence in the case (unless made as an admission or stipulation of fact).

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience, common sense, and credibility determinations.

### D. Inferences from the evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists or does not exist. In law we call this an "inference." During your deliberations, you are allowed to draw reasonable conclusions or inferences based solely on the evidence in this case or lack of evidence. Further, if any reference by the Court or by counsel for either party to testimony or exhibits does not coincide with your own recollection, it is your recollection that

controls during your deliberations. You are the sole judges of the evidence received in this case, not the Court or the attorneys.

### E. Credibility of witnesses

In determining what inferences to draw or not draw from the evidence, you must consider the credibility of the witnesses who testified. You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of a particular witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven its allegations beyond a reasonable doubt.

i.   <u>Credibility of Informants</u>: Two of the witnesses called by the government are informants—CS-1 and CS-2. An informant is someone who provides evidence against someone else for money, to escape punishment for his own misdeeds or crimes, and/or for other personal reason or advantage. You must examine and weigh testimony from government informants with greater care than that of testimony from a witness who is not so motivated. You must determine whether each informant's testimony and actions in the case has been affected by his self-interest, the agreement he has with the government, or his own interest in the outcome of this case or by prejudice against Mr. Hossain.

ii.   <u>Inconsistent statement (falsus in uno falsus in omnibus)</u>: The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he previously made statements which are different than or inconsistent with his testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. If a person is shown to have knowingly testified falsely concerning any important or material matter, you may obviously distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight and credibility as you think it deserves.

iii.   <u>The defendant as a witness (two alternatives)</u>:

       1. As I told you at the beginning of the case, a defendant cannot be compelled to take the witness stand and testify. Mr. Hossain chose to testify and in appraising his credibility, you may take into account his interest in the outcome of this trial. However, I want to say with equal force to you that Mr. Hossain's interest in the end result of this case does not render him incapable of telling a truthful and straightforward story. You must assess Mr. Hossain's credibility as you would any other competent witness in this case, and it is for you alone to decide to what extent, if at all, Mr. Hossain's interest has affected or colored his testimony.

       2. As I told you at the beginning of the case, a defendant cannot be compelled to take the witness stand and testify.

15

Like any other person, Mr. Hossain has an absolute right under our Constitution not to testify, and he has not testified in this case. The fact that Mr. Hossain did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

iv.  <u>Character evidence (reputation of the defendant)</u>: The defendant has offered evidence of his good general reputation for truth and veracity and for being a law-abiding citizen. You should consider this evidence along with all the other evidence in the case in reaching your verdict. Evidence of Mr. Hossain's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may create a reasonable doubt since it is reasonable to think it improbable or unlikely that a person of good character for being a law-abiding citizen would commit such crimes.

v.  <u>Opinion evidence (the expert witness)</u>: You should consider the expert opinion(s) received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence or less probative of any factual issue you have been tasked with resolving, you may disregard the opinion in part or in its entirety. As I have told you several times, you—the jury—are the sole judges of the facts of this case.

## F. Consider only the crimes charged

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Hossain is guilty of the crimes charged in the indictment. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

16

### G. Presumption of innocence, burden of proof, and reasonable doubt

You must presume Mr. Hossain to be innocent of the crimes charged. Mr. Hossain, although accused of crimes in the indictment, began the trial with a "clean slate" with no evidence against him. The indictment, as you already know, is not evidence of any kind, and you are not permitted to consider anything else besides the evidence admitted in this case in determining whether the government has established Mr. Hossain's guilt beyond a reasonable doubt. With this in mind, I instruct you that the presumption of innocence alone is sufficient to find Mr. Hossain "not guilty".

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the government's witnesses.

Although the government is not required to prove Mr. Hossain's guilt beyond all possible doubt, it must prove his guilt beyond all reasonable doubt. Reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act, and proof beyond a reasonable doubt is the most exacting and demanding standard in our justice system. Unless the government's evidence is of such a convincing character that you do not hesitate to adjudge him "guilty," you must vote to acquit him. This point is absolutely critical. Unless the government has proved, beyond a reasonable doubt, that Mr. Hossain committed each and every element of the offenses charged (which I will set forth in more detail below), you must find Mr. Hossain not guilty. If you view the evidence in this case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

### H. Consider each count separately

The defendant has been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

17

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to the other count.

## IV.   Specific Instructions Regarding the Crimes Charged

### A.  The nature of the government's allegations

Before I instruct you on the law regarding each element of the charged offenses, it may be helpful for me to summarize the gist of the crimes Mr. Hossain is accused of committing. Again I must remind you that the indictment and the charges themselves are not evidence, that Mr. Hossain has pleaded not guilty, and that you are to presume that he is innocent of the charges until and unless you decide the government has established his guilt beyond a reasonable doubt.

Count 1 of the indictment charges that on or about July 26, 2019, Delowar Hossain attempted to travel to Afghanistan to join the Taliban in order to kill other Americans.

Count 2 of the indictment charges that on or about July 26, 2019, Delowar Hossain willfully attempted to deliver funds, goods, services, and personnel to the Taliban for the group's benefit.

### B.  The statutes and regulations defining the offenses charged

Count 1of the indictment alleges an attempted violation of 18 U.S.C. § 2339A. Count 2 alleges an attempted violation of 18 U.S.C. § 1705(a) and Title 31 of the Code of Federal Regulation (C.F.R.) Sections 594.201, 594.204, 594.205, and 594.310.

Section 2339A makes it a crime to offer (or attempt to offer) personnel, including oneself, or other material items knowing or intending that they be used in preparation for an offense identified as a federal crime of terrorism. In this case, the government has accused Mr. Hossain of violating 18 U.S.C. § 2339A by attempting to travel to Afghanistan to join the Taliban and provide himself and other items (including property, services, communications equipment, and weapons) to the group in order to kill Americans abroad.

Section 1705(a) makes it a crime to violate (or attempt to violate) various regulations or orders prohibiting economic transactions with persons who commit, threaten to commit, or support terrorism. In this case, the government has accused Mr. Hossain of willfully attempting to contribute funds, goods, services, and personnel to and for the benefit of the Taliban, a specially designated global terrorist according to the United States Department of Treasury, in violation of four regulations that prohibit such contributions. For the purposes of your deliberations, the four regulations at issue are:

    i.    Title 31 C.F.R. § 594.201(a)(2), which prohibits the transfer of any property or interest in property to any foreign person determined by the Secretary of State or Treasury to pose a significant risk of committing acts of terrorism that threaten the security of U.S. nationals;

    ii.   Title 31 C.F.R. § 594.204, which prohibits any U.S. person from engaging in any transaction or dealing in property with any person or entity determined to pose a significant risk of committing acts of terrorism that threaten the security of U.S. nationals;

   iii.   Title 31 C.F.R. § 594.205, which prohibits the attempted violation of the aforementioned prohibitions; and

   iv.   Title 31 C.F.R. §594.310, which defines a "specially designated global terrorist" as any person whose property and interests in property are blocked pursuant to § 594.201(a).

## C. The elements of the offenses charged

A person may be found guilty of attempting to commit a federal crime even though no one actually did all of the acts necessary in order to commit that crime. A person may not be found guilty of attempting to commit any crime, however, merely by thinking about it or even by making some plans or some preparation for the commission of a crime.

Accordingly, to find Mr. Hossain guilty of attempting to join the Taliban to kill Americans and of attempting to furnish the Taliban with certain funds, goods, services, and personnel, the government must prove beyond a reasonable doubt that Mr. Hossain's mental processes passed from the stage of thinking about each separate crime to actually intending to commit that crime.

Similarly, the government must also prove beyond a reasonable doubt that Mr. Hossain's actions went beyond and passed from the stage of mere preparation to some firm, clear, and undeniable action to accomplish that intent.

Count 1: You may not find Mr. Hossain guilty of attempting to travel to Afghanistan to join the Taliban and provide the group with property, services, communications equipment, and weapons in order to kill Americans in violation of 18 U.S.C. § 2339A unless the government has proved beyond a reasonable doubt that Mr. Hossain:

  i.  Specifically intended to travel to Afghanistan in order to join the Taliban and kill other Americans; and
  ii. Thereafter committed an act constituting a substantial step towards joining the Taliban in order to kill Americans living abroad.

Regarding Mr. Hossain's specific intent, the government will have failed to meet its burden unless it has proved beyond a reasonable doubt that Mr. Hossain's conscious desire and purposeful objective was to travel to Afghanistan, join the Taliban, and kill Americans. If you hesitate in deciding what Mr. Hossain's true and specific intent was, you must adjudge him not guilty.

Regarding Mr. Hossain's actions, the government will not have met its burden of proof unless you are persuaded beyond a reasonable doubt that Mr. Hossain took "a substantial step" towards joining the Taliban in Afghanistan in order to kill Americans.

For conduct to amount to a substantial step, it must be something more than mere preparation, yet less than the last act necessary before the actual commission of the substantive crime. Here, Mr. Hossain's conduct does not constitute a substantial step unless you determine beyond a reasonable doubt that he took an action that is strongly corroborative of his alleged criminal purpose—that is, to travel to Afghanistan and join the Taliban in order to kill Americans. You are solely responsible for determining whether Mr. Hossain's actions qualify as a "substantial step" towards joining the Taliban to kill Americans.

Count 2: You may not find Mr. Hossain guilty of willfully attempting to provide the Taliban with personnel, funds, goods, and/or services in violation of 18 U.S.C. § 1705(a) unless you are persuaded beyond a reasonable doubt that:

i.  The Taliban is a specially designated global terrorist that is prohibited from receiving any goods, services, personnel, or property from United States persons;

ii.  Mr. Hossain's specific intent was to provide himself and other real property to and for the benefit of the Taliban; and

iii.  After forming such a specific intent, Mr. Hossain committed an act constituting a substantial step towards furnishing the Taliban with personnel, funds, goods, and services for the group's benefit.

Regarding the Taliban's qualification as a specially designated global terrorist prohibited from obtaining any goods, services, personnel, or property from United States persons, you may rely on the stipulation between the parties that the Secretary of Treasury has declared the Taliban a specially designated global terrorist that is prohibited from engaging in any economic transactions with unlicensed U.S. persons, and that Mr. Hossain did not possess a license to do business with the Taliban.

Regarding Mr. Hossain's specific intent, the government will have failed to meet its burden unless it has proved beyond a reasonable doubt that Mr. Hossain's conscious desire and purposeful objective was to personally deliver to the Taliban personnel, funds, goods, and services to the group and for its benefit. If you hesitate in deciding whether Mr. Hossain's true and specific intent was to provide the Taliban with such support, you must adjudge him not guilty.

Regarding Mr. Hossain's actions, the government will not have met its burden of proof unless you are persuaded beyond a reasonable doubt that Mr. Hossain took "a substantial step" towards delivering to the Taliban certain personnel, goods, services, funds, or other real property.

Again, for conduct to amount to a substantial step, it must be something more than mere preparation, yet less than the last act necessary before the actual commission of the substantive crime. Here, Mr. Hossain's conduct does not constitute a substantial step unless you determine beyond a reasonable doubt that he took an action that is strongly corroborative of his alleged criminal purpose—that is, to travel to Afghanistan to furnish the Taliban with personnel, goods, and services for the group's benefit. You are solely responsible for determining whether Mr. Hossain's actions qualify as a "substantial step" towards providing the Taliban with these resources for the group's benefit.

21

### D. Theory of the defense

Mr. Hossain has pleaded "Not Guilty" to the charges contained in Counts 1 and 2 of the indictment. This plea of not guilty puts in issue each of the aforementioned essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt.

Mr. Hossain contends that he is not guilty of the crime charged because [insert theory of defense here].

### E. Deliberations and the requirement of a unanimous verdict

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence or coercion to individual judgment. You must respect each other's thoughts and opinions and not try to bully one another into a particular position. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions is to suggest or

convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should not be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged. A verdict form has been prepared for your convenience and reads as follows:

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict on each count, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations. Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

## F.  Supplemental instructions regarding a unanimous verdict

The Court wishes to suggest a few thoughts to you which you may consider in your deliberations. You should think about these concepts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has required time, effort, and money from both the defense and the prosecution. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be resolved at some time. A second

trial will also be costly to both sides. There is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you. There is no reason to believe that more evidence or better evidence would be produced at a second trial. Any future jury would be selected in the same manner and from the same source as you were chosen. So, there appears no reason to believe that the case could ever be submitted to twelve people more conscientious, more impartial, or more competent to decide it.

You should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict. At the same time, it is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. In order to bring twelve minds to a unanimous result you must examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. That is to say, in conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments with a disposition to reexamine your own views.

Remember, at all times, that no juror is expected to yield a conscientious belief he or she may have as to the weight or effect of evidence. But remember also that after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience. Remember too, if the evidence in the case fails to establish guilt beyond a reasonable doubt, Mr. Hossain should have your unanimous verdict of "not guilty." In order to make a decision more practicable, the law imposes the burden of proof on one party or the other in all cases. In a criminal case, the burden of proof is on the government.

Above all, keep constantly in mind that, unless your final conscientious appraisal of the evidence in the case clearly requires it, the defendant should never be exposed to the risk of having to twice run the gauntlet of a criminal prosecution and to endure a second time the mental, emotional, and financial strain of a criminal trial.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time which you may feel is necessary. You may now retire and begin your deliberations in such manner as shall be determined by your good and conscientious judgment as reasonable men and women.