UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DELOWAR MOHAMMED HOSSAIN,

Defendant.

19-CR-606 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On June 5, 2020 the government moved for a protective order in this action pursuant to section 4 of the Classified Information Procedures Act ("CIPA") and presented certain documents to the Court for its ex parte, in camera review. (Gov't's Letter dated June 5, 2020, ECF No. 25.) CIPA limits a defendant's entitlement to discovery under Rule 16 in cases involving classified information. *United States v. Mostafa*, 992 F. Supp. 2d 335, 337 (S.D.N.Y. 2014) (citations omitted). Under CIPA's procedures, "[t]he court . . . may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure" upon submission of a "written statement to be inspected by the court alone." 18 U.S.C. app. 3 § 4. CIPA therefore "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause . . . includ[ing] information vital to the national security." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) (internal citation and quotations marks omitted).

After reviewing the government's CIPA section 4 submission, the Court issued a protective order on June 19, providing, *inter alia*, that 1) the materials the government submitted for the Court's review contained classified information, 2) that disclosure of the classified information could reasonably be expected to cause serious damage to the national security, 3) that the head of the department which has control of the classified information described in the government's submission, after actual personal consideration, had lodged the state secrets privilege with respect to that information, and 4) that the classified information described in the government's submission was not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, Rule 16 of the Federal Rules of Criminal Procedure, or helpful to the defense as defined by *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). (Order at 1-2, ECF No. 26.) The Court therefore concluded in the protective order that the classified information contained in the government's submission did not need to be disclosed to the defense. (*Id.* at 2.)

Hossain subsequently filed a motion to compel, requesting that the government provide "any outstanding written or recorded communications attributable to Hossain in the government's attorneys' possession, custody, or control, or that the attorneys could know to exist through due diligence," and discovery of "all surreptitious government surveillance that caused [Hossain's] electronic and telephonic communications with others to be recorded, monitored, or otherwise surveilled." (Def.'s Mot. to Compel at 1, ECF No. 44.) Hossain also

requested an ex parte conference with the Court pursuant to CIPA section 2 to allow the defense to argue for reconsideration of the Court's June 19 protective order. (Def.'s Mot. to Compel at 1-3, ECF No. 44.) The Court denied that motion in its entirety. (Order, ECF No. 67.)

On May 10, 2021, the defense renewed its motion for an order directing the government to disclose all of Hossain's written or recorded communications in its possession, custody, or control, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B)(i), *Brady*, and its progeny—specifically, the content of Hossain's communications with third parties abroad, including communications the defense suspects are covered by the Court's June 19 protective order. (Def.'s Renewed Mot. to Compel at 1, ECF No. 108.) The defense specifically seeks recordings between Hossain and other individuals located abroad, including individuals in Thailand, Bangladesh, Pakistan, and Afghanistan, on the grounds that these materials are potentially relevant to Hossain's defense that rather than attempting to provide material support to the Taliban, Hossain had "other competing and non-criminal intentions for traveling abroad." (*Id.* at 6-7.) The defense again sought an ex parte conference with the Court pursuant to CIPA section 2 on this renewed motion. (*Id.* at 8.)

The Court held a pretrial conference in this action on September 13, 2021 to address a variety of matters, including hearing oral argument on the defendant's renewed motion to compel the government to produce written or recorded communications attributable to Hossain that have not already been produced, despite the fact that the Court had already entered the June 19 protective order. In the course of that conference, the Court held an ex parte, in camera CIPA section 2 hearing for the defense to set forth in greater detail its theory of the case and why it believed that the government was improperly withholding certain discoverable materials.

At the conclusion of that ex parte conference, the Court held a separate ex parte CIPA section 2 conference, this time with the government. As a result of these conferences, the Court, while granting the defense's request for a CIPA section 2 conference, denies defendant's renewed motion to compel the government to disclose additional information. The reasons underlying that determination shall be filed in a classified version of this Order.

Dated:  New York, New York
        September 15, 2021

                                        SO ORDERED:

                                        /s/ Sidney H. Stein
                                        _____
                                        Sidney H. Stein, U.S.D.J.