UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

UNITED STATES OF AMERICA,                    19-Cr-606 (SHS)

              v.                         OPINION & ORDER

DELOWAR HOSSAIN,

                Defendant.

--------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

      Delowar Hossain has moved pursuant to Fed. R. Crim. P. 29(c) to set aside the jury verdict convicting him of attempting to provide material support for terrorism and of attempting to contribute funds, goods, or services to the Taliban. Hossain also seeks an evidentiary hearing to determine whether his constitutional right to a fair trial was violated. Specifically, Hossain contends that the government presented at trial insufficient evidence by which a jury could conclude that he took a substantial step toward committing either of the two offenses charged in the indictment; that his conviction under both counts of the indictment punish him twice for the same offense in violation of the Constitution's Double Jeopardy Clause; and that an evidentiary hearing is necessary to determine whether the jury improperly drew an adverse inference against him because he did not testify at trial. That motion is denied in its entirety.

**I.**      **There was adequate evidence by which a jury could conclude that Hossain took a substantial step toward providing the Taliban with material support and that he contributed funds, goods, or services to the Taliban.**

      On a Rule 29 motion made after a verdict has been reached, the evidence at trial must be "viewed in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (internal alterations, citations, and quotation marks omitted). Furthermore, "viewing the evidence in the light most favorable to the government means 'crediting every inference that the jury might have drawn in favor of the government.'" *Id*. (quoting *United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006)). "The jury may reach its verdict based upon inferences drawn from circumstantial evidence, and the evidence must be viewed in conjunction, not in isolation." *Id*. Therefore, the defendant's burden is heavy: a court may set aside a guilty verdict and enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no

reasonable jury could find guilt beyond a reasonable doubt." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999).

After a seven-day trial and approximately eleven hours of deliberations, the jury convicted Hossain of one count of attempting to provide material support for terrorism in violation of 18 U.S.C. § 2339A and one count of attempting to make a contribution of funds, goods, or services to the Taliban, a terrorist organization, in violation of 50 U.S.C. § 1705(a) and 31 C.F.R. §§ 594.201, 594.204, 594.205, and 594.310. Tr. 1059. Under each count, the Government was required to prove the necessary elements of attempt: first, that the defendant had the intent to commit the object crime, and second, that he engaged in conduct amounting to a substantial step towards its commission. *United States v. Farhane*, 634 F.3d 127, 145 (2d Cir. 2011). "For a defendant to have taken a 'substantial step,' he must have engaged in more than 'mere preparation,' but may have stopped short of 'the last act necessary' for the actual commission of the substantive crime." *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003) (internal citations omitted). Hossain now contends that no reasonable juror could find that he took a substantial step towards the commission of either of the offenses for which he was convicted.

The Second Circuit in *Farhane* concluded that under section 2339A, "a substantial step towards the provision of material support need not be planned to culminate in actual terrorist harm, but only in support—even benign support—for an organization committed to such harm." 634 F.3d at 148. The panel went on to write as follows:

> The conduct here at issue, material support to a foreign terrorist organization, is different from drug trafficking and any number of activities (e.g., murder, robbery, fraud) that are criminally proscribed because they are inherently harmful. The material support statute criminalizes a range of conduct that may not be harmful in itself but that may assist, even indirectly, organizations committed to pursuing acts of devastating harm. Thus, . . . the very focus of the material support statute is "preventative" in that it "criminalizes not terrorist attacks themselves, but aid that makes the attacks more likely to occur."

*Id*. (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 35 (2010)).

Viewing the trial evidence here in the light most favorable to the government, there were numerous pieces of evidence that the jury was entitled to credit to determine that Hossain took a substantial step towards providing material support for terrorism. Specifically, the government put forth evidence that: Hossain researched the Taliban's ideology and operations, Tr. 191–98; planned travel routes to Afghanistan via Thailand to evade law enforcement, Tr. 199–201; attempted to recruit others to join him, Tr. 204, 209–12, 215–16, 608–09; met and communicated with the recruits to plan joining the Taliban, Tr. 607–08; saved $10,000 in cash to buy weapons to use once he joined the Taliban, Tr. 117–18, 264–67, 303; purchased cold-weather supplies and clothing to use in Afghanistan to aid

2

Hossain and his recruits in locating and assisting the Taliban, Tr. 278–89; identified mosques and leaders professing allegiance to the Taliban in an effort to locate members of that terrorist organization, Tr. 646–47; sent a Facebook message to a former Taliban fighter, Tr. 201–02; pursued a number of methods to evade law enforcement, such as buying and consuming alcohol, visiting strip clubs, and creating online dating profiles, in an effort to show he was not an observant Muslim, Tr. 270–78; bought a plane ticket to and reserved hotel accommodations in Bangkok, Thailand on his way to joining the Taliban, and travelled to JFK airport to board a flight to Bangkok. Tr. 96, 125, 304, 689–94.

In response, Hossain contends that the government's evidence amounts to nothing more than "mere preparation" by him rather than a substantial step toward providing support to the Taliban, especially because Hossain had no actual contact with any member of the Taliban and there was no evidence at trial as to how he would travel from Bangkok to Pakistan.

The trial testimony here is quite similar to that in *United States v. Pugh*, where the Second Circuit upheld the defendant's conviction under the material support statute. 945 F.3d 9 (2d Cir. 2019).  In *Pugh*, the defendant, convicted by a jury of attempting to provide material support to ISIS, contended that he had "only indulged in an online interest in ISIS propaganda, expressed his political views, and bought a ticket to Turkey from Egypt." *Id*. at 20. Much like Hossain, Pugh argued that "without an ISIS contact in Turkey and/or Syria to help him across the border, he could not have taken a substantial step towards providing material support." *See id*. The district court denied his motion to set aside the verdict, and the Second Circuit affirmed, finding that "[t]he evidence, taken together and viewed in the light most favorable to the government, provides ample support for the jury's conclusion that Pugh engaged in a substantial step toward providing material support to ISIS." *Id*. at 21.

Here, as in *Pugh*, there was "ample evidence" to support the jury's finding that Hossain took a substantial step toward providing material support for terrorism. In light of the substantial evidence of Hossain's actions prior to boarding the flight to Bangkok, as well as the "preventative" nature of the material support statute, the evidence was more than sufficient to support an inference by the jury that Hossain took actions constituting "aid that makes [terrorist] attacks more likely to occur." *Farhane*, 634 F.3d at 148.

In regard to Count 2, the jury heard more than ample evidence from which it was entitled to conclude that Hossain took a substantial step toward contributing funds, goods, or services other than himself to the Taliban, including evidence that Hossain had $10,000 in cash when he went to board the plane to Bangkok; had ordered supplies and clothing for use in Afghanistan; and intended for the two individuals he believed were joining him to offer the services of all three men to the Taliban. Tr. 117–18, 264–67, 278–89, 303, 607–08. Viewed in the light most favorable to the government, that evidence was sufficient to show that Hossain took a substantial step toward contributing funds, goods, or services to the Taliban, as charged in Count 2. Accordingly, his motion to set aside the verdict and enter a

judgment of acquittal on the basis that the evidence was insufficient to show Hossain took a substantial step under either Count 1 or Count 2 is denied.

## II.   Hossain's double jeopardy argument fails because Counts 1 and 2 have different elements.

Hossain also contends that the Court must enter a judgment of acquittal on Count 2, which charged him with attempting to contribute funds, goods, or services to the Taliban, because there was no evidence at trial that he "intended to provide the Taliban with anything besides himself." That, he urges, means he was "convicted of attempting to provide himself to the Taliban for the group's benefit twice," which would be a violation of the Double Jeopardy Clause of the United States Constitution. Def. Mot. at 10, ECF No. 174.

"An indictment is multiplicitous" in violation of the Double Jeopardy Clause "when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). An indictment is not multiplicitous, however, if Congress intended to "authorize separate punishments for the conduct in question." *United States v. Holmes*, 44 F.3d. 1150, 1154 (2d Cir. 1995). To determine whether two offenses are multiplicitous, a court need assess whether the offenses have the same elements. *Blockburger v. United States*, 284 U.S. 299 (1932). *Blockburger* requires the court to ask "whether each [statute] requires proof of a fact which the other does not." *Id.* at 304. More explicitly, the court should "inquire whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars subsequent punishment or prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993).

Hossain's double jeopardy argument fails under the test set forth in *Blockburger*. The Court's jury charge makes clear that Counts 1 and 2 each contain an element not contained in the other. The jury was instructed that Count 1 required the government to show that "the defendant knew or intended that the attempted provision of such material support or resources would be used in preparation for or in carrying out the crime of killing nationals of the United States located outside the United States in violation of 18 U.S.C. § 2332," while Count 2 did not. Tr. 932. Furthermore, Count Two required that the government prove that (1) "the defendant attempted to violate orders, regulations, or prohibitions issued pursuant to IEEPA relating to the Taliban;" (2) "the defendant attempted to commit the violation or violations willfully;" and (3) "the defendant did not have a license issued by a part of the United States Treasury Department known as the Office of Foreign Assets Control, or OFAC, to engage in the attempted conduct that would have violated the Executive Order or corresponding regulations." Tr. 934. Those were not elements under Count 1. Accordingly, Counts 1 and 2 each contain elements not required by the other. It is facially clear that Congress intended to "authorize separate punishments" under Counts 1 and 2, see *Holmes*, 44 F.3d at 1154, and neither is multiplicitous in violation of the Double Jeopardy Clause.

### III.    Hossain's request for an evidentiary hearing is denied.

Finally, Hossain asks the Court to conduct an evidentiary hearing to assess whether jurors drew an adverse inference against him based on his decision not to testify at trial. Defendant's counsel, Andrew Dalack, submitted a declaration under penalty of perjury that, after trial, a juror emailed Dalack and during a follow-up phone call told him that during their deliberations the jury had discussed Hossain's failure to call witnesses or testify, despite the Court's instructions to the contrary. (Decl. of Andrew J. Dalack, Esq., ECF No. 175.) Dalack now seeks an evidentiary hearing to determine whether any outside influence affected the jury's deliberations.

A criminal defendant manifestly possesses a right to an impartial jury under the Fifth and Sixth Amendments to the United States Constitution. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 ("One touchstone of a fair trial is an impartial trier of fact."); *United States v. Perez*, 387 F.3d 201, 204 (2d Cir. 2004) ("The Sixth Amendment to the Constitution guarantees a defendant the right to a speedy and public trial by an impartial jury.").

Nevertheless, Rule 606(b) of the Federal Rules of Evidence properly and broadly prohibits inquiry into a jury's deliberations following a verdict. That rule provides that "a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1). The Rule provides for three narrow exceptions pursuant to which a juror may testify: (1) whether "extraneous prejudicial information was improperly brought to the jury's attention;" (2) whether "an outside influence was improperly brought to bear on any juror;" or (3) whether "a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2)(A)-(C). Hossain alleges that inquiry into the jury's verdict here is permissible under the "outside influence" exception encompassed by Fed. R. Evid. 606(b)(2)(B).

However, Hossain has cited no evidence whatsoever – indeed, not the proverbial scintilla of evidence – that the jury was affected by any outside influence. To conduct an evidentiary hearing on these facts would eviscerate Rule 606's general prohibition against juror testimony.

Numerous circuit courts of appeal have considered whether Rule 606 bars proof that one or more jurors held it against the defendant that he failed to take the stand. Those courts have uniformly arrived at the same conclusion: Rule 606 bars adducing that proof. *See, e.g., United States v. Torres-Chavez*, 744 F.3d 988, 998 (7th Cir. 2014) (inquiries into the jury's consideration of the defendant's failure to testify "fall squarely within the Rule 606(b)(1) prohibition"); *United States v. Kelley*, 461 F.3d 817, 832 (6th Cir. 2006) (same); *United States v. Rutherford*, 371 F.3d 634, 640 (9th Cir. 2004) (same); *United States v. Tran*, 122 F.3d 670, 672 (8th Cir. 1997) (same); *United States v. Martinez-Moncivais*, 14 F.3d 1030, 1036 (5th

Cir. 1994) (same); *United States v. Voigt*, 877 F.2d 1465, 1469 (10th Cir. 1989) (same); *United States v. Friedland*, 660 F.2d 919, 927-28 (3d Cir. 1981) (same). In addition, in *United States v. Stewart*, the Second Circuit wrote in dicta that it "agree[d] with" the decision of the Eighth Circuit in *United States v. Rodriguez*, 116 F.3d 1225 (8th Cir. 1997), that Rule 606(b) "prohibit[ed] the trial court from inquiring about jurors' alleged discussion of the defendant's failure to testify." 433 F.3d 273, 307 (2d Cir. 2006). In sum, it is well-settled that Rule 606(b)(1) "bars proof that one or more jurors held it against the accused that he failed to take the stand." *See also* 3 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 6:17 (4th ed. 2013), Westlaw (database updated May 2021). This Court agrees with the overwhelming consensus of circuit courts that an evidentiary hearing would violate the prohibitions of Fed. R. Evid. 606(b).

Accordingly, given the absence of any evidence of improper outside influence on the jury, Hossain's request for an evidentiary hearing is denied.

## IV.   Conclusion.

In sum, the defendant's arguments for setting aside the verdict based (1) on the insufficiency of the evidence; (2) multiplicitousness of the charges in Counts 1 and 2; and (3) the necessity of an evidentiary hearing on the jury's decision-making, all fail and Hossain's motion to set aside the verdict and enter a judgment of acquittal pursuant to Rule 29(c) is denied in full.

Dated:  New York, New York
        January 10, 2022

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

6