# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 13, 2022

**BY ECF**

**MEMO ENDORSED**

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Delowar Hossain,</u>
(S1) 19 Cr. 606 (SHS)

Dear Judge Stein:

We write seeking a 45-day adjournment of the sentencing proceeding in the above-captioned case, which is currently scheduled for January 26, 2022. The Government consents to the adjournment. In addition, we also seek Delowar Hossain's bail pending sentencing given the onerous and dangerous confinement conditions at Essex County Correctional Facility ("Essex")—where Mr. Hossain is currently detained—which implicate Mr. Hossain's access to counsel, the defense's ability to adequately prepare for sentencing, and Mr. Hossain's safety. The Government opposes Mr. Hossain's application for bail.

### A 45-Day Adjournment of Sentencing is Warranted

There are at least three compelling reasons to adjourn Mr. Hossain's sentencing by 45 days.

First, the defense has not had an opportunity to meet with Mr. Hossain in person since the publication of the draft pre-sentence report ("PSR") on December 21, 2021 due to the indefinite COVID-related suspension of in-person legal visiting at Essex County that began on December 27, 2021. Additional time is therefore necessary for the defense to meet with Mr. Hossain to review the draft PSR.

Second, the suspension of legal visiting at Essex has interrupted the defense's ability to have Mr. Hossain interviewed by a mitigation expert whom the defense submits is necessary to help shape arguments regarding a downward variance under 18 U.S.C. § 3553(a). Additional time is therefore necessary to allow for the defense to conduct a more fulsome mitigation investigation that is relevant to the factors the Court must consider in fashioning an appropriate sentence.

Third, and particularly in light of the difficulty undersigned counsel has had navigating the limited video and telephone options available at Essex to communicate with Mr. Hossain (see infra), the defense submits that it is not possible to adequately prepare for sentencing by January 26, 2022. In addition, one of Mr. Hossain's attorneys is also counsel of record in a case before Judge Jesse M. Furman that is scheduled to proceed to trial on January 24, 2022 and for which jury selection begins tomorrow through a written questionnaire. This conflict further supports an adjournment of Mr. Hossain's sentencing proceeding.

Accordingly, and without objection from the Government, the Court should postpone Mr. Hossain's sentencing by 45 days.

## The Court Should Release Delowar Hossain on Bail Pending Sentencing

The defense acknowledges that Mr. Hossain's detention pending sentencing for the instant offense is ordinarily mandatory under 18 U.S.C. § 3143(a)(2). Nevertheless, Mr. Hossain is neither a flight risk nor a danger to the community, and the totality of the circumstances surrounding his confinement at Essex County clearly shows that there are exceptional reasons why his detention is inappropriate. 18 U.S.C. § 3145(c).

On October 8, 2021, and following the jury's guilty verdict, The Court remanded Mr. Hossain, and he has been detained at Essex ever since. 15 months prior, however, on July 13, 2020, the Court released Mr. Hossain (largely on Sixth Amendment grounds) to home incarceration enforced by electronic location monitoring, and afforded Mr. Hossain numerous, one-time modifications of his bail conditions so that he could spend time with his family on various holidays. Mr. Hossain scrupulously adhered to the rules and never incurred a single violation. Against this backdrop, the dangerous conditions at Essex spurred by an uncontrolled COVID outbreak and wanton violence, and the effect of Mr. Hossain's detention on his adequate

preparation for sentencing, the Court should release Mr. Hossain to home incarceration under 18 U.S.C. § 3145(c).

According to § 3145(c), the Court has the authority to release Mr. Hossain pending sentencing regardless of whether his detention is otherwise mandated by § 3143(a)(2) if it is "clearly shown that there are exceptional reasons why [his] detention would not be appropriate" and he is neither a flight risk nor a danger to the community.

First, the record is abundantly clear: Mr. Hossain is not dangerous and there is no risk he will abscond. Mr. Hossain spent 15 months on home incarceration leading up to trial without a single infraction. He had regular appointments with counsel and always returned home within the confines set by pre-trial services. The Court also granted Mr. Hossain numerous one-time modifications of his bail conditions, including opportunities to spend the night with family-member co-signers to his bond, and Mr. Hossain never violated the Court's trust. Most importantly, Mr. Hossain showed up on time and polished to trial, returning daily even as the jury deliberated. Upon his guilty verdict, he readily submitted to the Marshals' authority and has been detained at Essex without infraction. Mr. Hossain can clearly conform his behavior to even the strictest of release conditions.

Second, Mr. Hossain's current confinement conditions present exceptional circumstances warranting his release, as they are interfering with his readiness for sentencing and present a threat to his life. "[S]entencing is a critical stage of the criminal proceeding at which [Mr. Hossain] is entitled to the effective assistance of counsel." Gardner v. Florida, 430 U.S. 349, 358 (1977). Mr. Hossain's detention, however, is unreasonably interfering with his right to counsel and our ability to effectively meet with him to prepare for sentencing. On or about December 27, 2021, Essex indefinitely suspended all in-person attorney visits in light of the spike in the number of reported COVID cases in the county and New Jersey. Without physical access to Mr. Hossain, counsel is forced to resort to alternative methods of communication that are woefully inadequate. Legal video conferences are conducted via unreliable technology that frequently crashes or freezes. And along with legal telephone calls, legal video calls occur in a public space, where Mr. Hossain has absolutely no privacy to discuss sensitive matters related to his case and an appropriate sentence. There is simply no opportunity for confidentiality. Further, video and telephone calls are frequently canceled or rescheduled with little notice, and there is a significant delay in Mr. Hossain's receipt of legal mail. These circumstances

are totally incompatible with Mr. Hossain's Sixth Amendment right to the effective assistance of counsel.

In addition, Mr. Hossain's life is in constant danger, both due to illness from COVID-19 and to rampant violence throughout Essex. Indeed, Essex indefinitely suspended all in-person visiting due to the risk of unmitigated spread of the Omicron variant throughout the facility. Although there are no up-to-date and publicly available COVID-related statistics for Essex, on December 24, 2021, 101 officers and 28 detainees had tested positive (see https://www.nj.com/coronavirus/2021/12/nj-jail-to-pause-in-person-and-attorney-visits-due-to-covid-surge.html), and New Jersey is averaging 31,098 new cases per day. See https://www.nytimes.com/interactive/2021/us/new-jersey-covid-cases.html. Mr. Hossain's contracting of COVID-19 while he is detained at Essex is all but certain. And while undersigned counsel is not in a position to proffer that Mr. Hossain suffers from any physical ailment rendering him more vulnerable to death or serious illness from COVID-19, Mr. Hossain is also (for personal and religious reasons) not vaccinated, and therefore less protected from death or serious illness should he be infected.

Aside from COVID-19 is also Essex's terrifying culture of violence, which the authorities have shown little appetite to control. For example, in September 2021, a detainee was brutally attacked by other inmates and beaten into a coma with a microwave, broom handle, and a bucket full of bleach for two minutes and 11 seconds without any assistance from corrections officers. See https://www.nytimes.com/2021/12/28/nyregion/prison-fight-beating-jayshawn-boyd.html. And on December 3, 2021, another detainee was stabbed and killed. Id. Leaders of the union representing supervisors at Essex have said that administrators and county officials have ignored repeated warnings that the facility has grown increasingly violent, with paramedics being called to the jail 169 times between January and June 2021 (up from 99 times during the same period in 2020). Id. This bleak picture of the situation at Essex is dire, but especially so for someone like Mr. Hossain who has no criminal record, no history of violence, and no violent conduct alleged in the instant case.

Ultimately, Essex is in such a state of dysfunction and danger that even the most trivial things, like replacing broken eyeglasses, is a formidable task. When counsel last visited Mr. Hossain, his eyeglasses were clearly broken and he had used tape to make them usable. To address the situation, Mr. Hossain's family sent him a brand new pair of eyeglasses directly from the distributor, but Mr. Hossain never received them. When undersigned counsel followed up with the jail, the authorities claimed that Mr. Hossain

4

had failed to "be seen by medical" to demonstrate the issue with his current pair of glasses. However, Mr. Hossain adamantly maintains that he informed the medical staff at Essex about his broken glasses, and that nothing happened. It has been several weeks since Mr. Hossain's family sent him new glasses, but he has not received them and Essex has not even confirmed that the glasses arrived. If Essex cannot even handle the simplest task of assisting Mr. Hossain in acquiring the new glasses that his family paid for, then it cannot be assumed that the facility is capable of affording him the level of care, protection, and attention consistent with his basic human rights.

### Conclusion

For the reasons set forth above, the Court should adjourn Mr. Hossain's sentencing proceeding by 45 days (which the Government does not oppose) and release him to home incarceration (which the Government does oppose).

Cc: Government Counsel

Respectfully Submitted,

/s/
Amy Gallicchio, Esq.
Andrew J. Dalack, Esq.
Assistant Federal Defenders
(212) 417-8728/8768

Defendant's request for release on bail is denied. See 18 U.S.C. Sec. 3143(a)(2). The Court believes that it is in the interest of Mr. Hossain that he be sentenced as expeditiously as possible in order to be transferred to a federal correctional institution rather than remain at the Essex County Correctional Facility. Defense counsel should take all necessary steps to comply with the deadlines set forth below. The sentencing is adjourned to March 17, 2022, at 11:30 a.m. The defense submissions are due by February 16, 2022, the government submissions are due by February 23, 2022.

Dated: New York, New York
January 13, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.