UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DELOWAR MOHAMMED HOSSAIN,

Defendant.

---

19-cr-606 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

On October 8, 2021 a jury found defendant Delowar Mohammed Hossain guilty of one count of attempted provision of material support and resources for terrorism and one count of attempting to make or receive a contribution of funds, goods, and services to the Taliban. (ECF No. 190.) Hossain was sentenced to 96 months on each count, to run concurrently, and thereafter filed a timely notice of appeal. (ECF No. 191.) Hossain's appellate counsel has now filed a motion seeking access to the classified version of this Court's Order dated September 15, 2021. (ECF No. 200.)

I.    Background

During pre-trial proceedings, the Government moved *ex parte* and *in camera* for a protective order authorizing it to withhold certain classified material from discovery pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1). (ECF No. 25.) On June 19, 2020 the Court entered an Order granting that motion after finding that the Government submission described classified information (1) that required protection against unauthorized disclosure; (2) that could reasonably be expected to cause serious damage to national security; (3) over which the head of the department that has control of the classified information invoked the state secrets privilege; and (4) that is not discoverable under *Brady v. Maryland* or its progeny and is not helpful to the defense. (ECF No. 26.)

The defendant then moved to compel discovery related to classified electronic surveillance, which the Government opposed. (ECF Nos. 44 & 45.) The Court subsequently entered an Order denying that motion. (ECF No. 67.) On May 10, 2021 Hossain renewed his motion to compel disclosure of his written or recorded communications with third parties abroad, and sought an *ex parte* conference with the Court to explain his theory of defense, pursuant to Section 2 of CIPA. (ECF No. 108.) Section 2 provides that any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the

prosecution of the case. After a pretrial conference and separate *ex parte* Section 2 hearings with the Government and with defense counsel, on September 15, 2021 the Court issued an Order denying Hossain's renewed motion to compel the Government to disclose additional information. (ECF No. 138.) The Order stated that "[t]he reasons underlying that determination shall be filed in a classified version of this Order." *Id.* That classified version of the September 15, 2021 Order (hereinafter the "Classified Order") was filed under seal with the Classified Information Security Officer on September 24, 2021. (ECF No. 146.)

As set forth above, Hossain's appellate counsel now requests access to the classified version of the September 15 Order for the purpose of ascertaining whether any appealable issues exist relating to the Court's protective order. Defense counsel notes that he has the security clearance required to have access to the Classified Order. In an April 3, 2023 letter to the Court, defense counsel requested that the Court direct that the appropriate authorities conduct a classification review of the Classified Order. (ECF No. 202.) The Government did not oppose that request and the Court directed the Government and the Classified Information Security Officer to conduct an immediate classification review of the Classified Order. (ECF Nos. 203 & 205.) That review has been completed and a redacted, unclassified version of the Classified Order was published on ECF on April 18, 2023. (ECF No. 208.)

II.     The Court Does Not Have Jurisdiction to Revisit a Prior Substantive Determination

During the pendency of the appeal from the judgment of conviction, this Court does not have jurisdiction to reverse a prior substantive determination. The notice of appeal, filed on March 23, 2022, "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Berman v. United States*, 302 U.S. 211, 214 (1937). The district court may only "act in aid of the appeal" and cannot "modify a judgment substantively." *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 195). *See, e.g., United States v. Viola*, 555 Fed. Appx. 57 (2d Cir. 2014) (finding that a district court's clarification of a restitution order while the case was under appeal did not substantively modify the judgment).

Any request by defense counsel for the classified information underlying the Classified Order would be asking the Court to review its substantive decision to withhold classified information under Section 4 of CIPA. The Court reached that decision after holding hearings pursuant to Section 2 of CIPA, which allowed the defense to argue its theory of the case and explain why it needed access to classified materials.

In his April 3, 2023 letter to the Court, appellate counsel contended that he was not requesting reconsideration of the underlying decision denying trial counsel access to classified information, but was instead only requesting access to the Classified Order explaining why trial counsel was denied such information. (ECF No. 202.) As a result of last week's classification review of the Classified Order, he has now been given access to the Classified Order. However, because the appropriately redacted portions of the Classified Order necessarily addressed the underlying classified information that compelled the Court to reach its decision to withhold certain details under CIPA, defense counsel's distinction is unavailing.

The Court's decision to withhold certain classified information from trial counsel, and to file *ex parte* an Order containing that information, was a substantive determination. It was not a clerical error or minor ambiguity in need of clarification. This Court therefore does not have jurisdiction to reconsider this aspect of the case during the pendency of Hossain's appeal.

## III.     Defendant's Motion is Without Merit

The purpose of CIPA, which governs the discovery of classified information in federal criminal cases, *see United States v. Abu Jihaad,* 630 F.3d 102, 140-141 (2d Cir. 2010), is to "harmonize a defendant's right to obtain and present exculpatory materials upon his trial and the government's right to protect classified material in the national interest." *United States v. Pappas,* 94 F.3d 795, 799 (2d Cir. 1996). Pursuant to Section 4 of CIPA, the Court, "upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." The Federal Rules of Criminal Procedure similarly permit the court to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). *See also United States v. Aref,* 533 F.3d 72, 78 (2d Cir. 2008) (explaining that Section 4 of CIPA "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause.").

Defense counsel urges that *ex parte* proceedings are "exceedingly disfavored" as they "impair the integrity of the adversary process and the criminal justice system." (ECF No. 200, at 2.) However, this presumption against *ex parte* proceedings may give way in cases involving information vital to the national security. Section 4 of CIPA authorizes the court to restrict discovery relating to specified items of classified information, and allows the court to do so after an *ex parte* showing from the Government. The Second Circuit has made clear that Section 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1) authorize *ex parte* proceedings and that, "notwithstanding the rarity of *ex parte* proceedings in criminal matters, there can be no

question that a district court's *ex parte, in camera* adjudication of CIPA motions falls squarely within the authority granted by Congress." *United States v. Al-Farekh,* 956 F.3d 99, 107 (2d Cir. 2020).

Defense counsel also suggests that "the classified nature of the classified version of this Court's [Order] does not foreclose access to security-cleared appellate counsel." (ECF No. 200, at 2.) He claims that there is "no dispute that [he] possesses the requisite security clearance necessary to view the classified information in question." *Id.* at 3. But merely possessing the requisite security clearance does not warrant automatic access to classified information. In *Al-Farekh,* the Second Circuit declined to hold that defense counsel who has the appropriate security clearance must be given access to classified information, 956 F.3d at 107, finding instead that:

> As a practical matter, because it may well be that the information in a [CIPA] § 4 motion is not discoverable at all, [this] theory would permit a defendant represented by counsel with a security clearance to gain access to classified information that would otherwise be unavailable to the defendant. That possibility could result in the improper disclosure of information that, by its very nature, may put the national security of the United States at risk.

*Id.* at 108-09.

In this case it is apparently security-cleared appellate counsel, rather than trial counsel, who requests access to the classified information contained in the Classified Order. That fact, however, does not change the analysis. Under Section 4, the district court is required to "decide in the first instance whether the Government's classified information is discoverable and the extent and form of any disclosure to the defendant." *Id.* at 107. Here, the Court found after separate Section 2 *ex parte* hearings that "the Government is not improperly withholding any materials from the defense that are exculpatory, material, or even helpful to the defense." (ECF No. 208; *see also* ECF No. 138.) Because the Court determined that the information was not discoverable at all, Hossain is not entitled to the classified information, regardless of whether his counsel possesses the requisite security clearance.

Finally, Section 4 of CIPA provides that "[i]f the court enters an order granting relief following [the Government's] ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal." The Second Circuit has employed this provision to review district court rulings respecting the discoverable nature of classified materials. *See, e.g., United States v. Abu-Jihaad,* 630 F.3d 102, 142 (2d Cir. 2010). Thus, defendant's appeal rights have been fully protected.

4

IV.   Conclusion

For the reasons set forth above, defense counsel's motion requesting access to the classified version of this Court's September 15, 2021 Order is denied.

Dated:  New York, New York
         April 19, 2023

SO ORDERED:

Sidney H. Stein, U.S.D.J