UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DELOWAR MOHAMMED HOSSAIN,

Defendant.

19-cr-606 (SHS)
25-cv-8345 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

In October 2021, a jury convicted Delowar Mohammed Hossain of one count of attempted provision of material support and resources for terrorism, in violation of 18 U.S.C. § 2339A, and one count of attempting to make or receive a contribution of funds, goods, and services to the Taliban, in violation of 50 U.S.C. § 1705(a) and 31 C.F.R. §§ 594.201, 594.204, 594.205, and 594.310. For these crimes, this Court sentenced Hossain principally to 96 months' imprisonment. In September 2024, the U.S. Court of Appeals for the Second Circuit affirmed the judgment against Hossain. *See United States v. Hossain*, No. 22-618-cr, 2024 WL 4212321 (2d Cir. Sep. 17, 2024), *cert. denied*, 145 S. Ct. 2801 (2025). Hossain now moves *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging a multitude of errors occurring before, during, and after his trial. For the reasons set forth below, the Court denies Hossain's motion.

## I. LEGAL STANDARD

28 U.S.C. § 2255 directs the Court to vacate and set aside a judgment if it finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Review pursuant to section 2255 is "narrowly limited in order to preserve the finality of criminal sentences," *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (citation modified), and "the burden of proof is on the party seeking relief," *Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005) (quoting *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973)).

Although a district court may grant a hearing on a motion brought pursuant to section 2255, there is no need for a hearing where the movant's allegations are "vague, conclusory, or palpably incredible." *Gonzalez v. United States*, 722 F.3d 118, 130–31 (2d Cir. 2013) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Id.* at 131.

## II. Discussion

In his motion, Hossain asserts a vast array of allegations against his trial and appellate counsel, the Government, and this Court. Hossain alleges, *inter alia*, that his trial and appellate counsel were constitutionally ineffective (*see* Dkt. No. 218 ("Mot.") at 2–15); that he was the subject of vindictive prosecution (*see id.* at 4); and that this Court coordinated with the Government to deprive him of access to *Brady* materials (*see id.* at 4, 11, 14–15).

The Court need not dwell long on the many conclusory allegations raised by Hossain. Except for Hossain's claims of ineffective assistance of counsel—which may be raised in a section 2255 motion, *see Massaro v. United States*, 538 U.S. 500, 504 (2003)—Hossain's contentions have either been rejected on direct appeal or procedurally defaulted, *see United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."). Accordingly, the Court focuses on Hossain's claims that his trial and appellate counsel were constitutionally deficient.

### A. Hossain's Trial and Appellate Counsel Were Not Constitutionally Ineffective.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court set forth the standard a movant must meet to establish a claim of ineffective assistance of counsel. To succeed on such a claim, the movant must prove that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Judicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, and a court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Cox v. Donnelly*, 387 F.3d 193, 198 (2d Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).

#### 1. *Trial Counsel Was Not Ineffective for Failing to Object to Juror No. 1.*

Hossain claims that his trial counsel was ineffective for choosing not to object to Juror No. 1's presence on the jury at trial. (*See* Mot. at 8.) Hossain's trial commenced on September 29, 2021. The next day, Juror No. 1 reported having received text messages from a coworker in which the coworker expressed the view that Hossain was guilty of the charged conduct. (*See* Dkt. No. 160 at 219–20.) After questioning Juror No. 1—

including regarding the substance of the text messages and his relationship with their sender—the Court concluded that Juror No. 1 was capable of fairly and impartially serving as a juror and deciding the case "solely on the basis of the evidence or lack of evidence." (*Id.* at 219–28.) After consulting with Hossain, Hossain's trial counsel stated "[w]e are satisfied with this juror" and "we are not at this time requesting that the juror be replaced." (*See* Dkt. No. 162 at 234.) The Government requested that Juror No. 1 be replaced "out of an abundance of caution." (*Id.* at 233–34.) The Court did not strike Juror No. 1 from the jury. (*See id.* at 234.)

The Court cannot find that Hossain's trial counsel was constitutionally ineffective for not seeking Juror No. 1's removal. "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (citation modified). Trial counsel's considered decision—reached after consultation with Hossain—is precisely the type of strategic decision-making that courts "may not use hindsight to second-guess." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994); *see Ciaprazi v. Senkowski*, 151 F. App'x 62, 63 (2d Cir. 2005) (summary order) (holding that counsel was not constitutionally ineffective for not seeking to replace a sleeping juror where the decision "may well have been based on [counsel's] desire to retain the inattentive juror" and was thus a "paradigmatically strategic" decision). Accordingly, the Court finds Hossain's motion meritless in this regard.

2. *Trial Counsel Was Not Ineffective for Failing to Move to Suppress Evidence.*

Hossain contends that his trial counsel was ineffective for failing to file a motion to suppress evidence, principally on the basis that the Government unlawfully withheld classified *Brady* material. (*See* Mot. at 2–8.) Both Hossain's trial and appellate counsel vigorously litigated Hossain's claims that classified information gathered by the Government should have been produced to Hossain. *See Hossain*, 2024 WL 4212321, at *3–4. Ultimately, the Second Circuit determined, "after reviewing the classified material in this case," that "the district court was correct in its conclusion that there was no evidence in the government's possession that was exculpatory, material, relevant to a motion to suppress, or otherwise helpful to the defense." *Id* at *4. Thus, Hossain's claim of ineffective assistance of counsel on this basis necessarily fails.

Hossain's contentions that his trial counsel should have moved to suppress evidence on a litany of other grounds fare no better. These allegations are entirely conclusory, *Gonzalez*, 722 F.3d at 130, and the record reflects that Hossain's trial counsel moved *in limine* to preclude the Government from introducing the evidence of which

Hossain complains (*see* Dkt. No. 85). Moreover, and as explained below, Hossain's claims that his Fourth Amendment rights were violated are contrary to law.

### 3. *Counsel Was Not Ineffective for Failing to Object to the Court's Statements During Voir Dire.*

Hossain next faults his trial and appellate counsel for failing to challenge statements made by the Court in the course of questioning prospective jurors. (Mot. at 8–9.) During voir dire, the Court instructed prospective jurors that "[y]ou will hear testimony that one or more confidential source made recordings of conversations with the defendant who they were investigating at the direction of the FBI. . . . [I]t is perfectly legal to make such recordings in the context of this case." (*Id.* at ECF p. 33.) The Court then questioned whether any of the prospective jurors felt they "could not follow that rule of law." (*Id.*) Hossain claims that his trial counsel should have objected to these statements by the Court and his appellate counsel should have challenged them on appeal because these statements resulted in the selection of jurors "who would convict [Hossain] based on . . . [i]llegally [o]btained [e]vidence" and prevented jurors from questioning the evidence. (*Id.* at 8–9.)

"A 'defendant's fourth amendment rights are not violated when the defendant's conversations with a government informant are electronically monitored by a government agent with the consent of the wired informant,'" *United States v. Watkins*, No. 22-1296-cr, 2026 WL 1425536, at *3 (2d Cir. May 21, 2026) (summary order) (quoting *United States v. Fuentes*, 563 F.2d 527, 533 n.4 (2d Cir. 1977)), which was the case here. "[I]t is well settled that 'failure to make a meritless argument does not amount to ineffective assistance.'" *United States v. Davis*, 122 F.4th 71, 76 (2d Cir. 2024) (quoting *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008)). Accordingly, neither Hossain's trial nor appellate counsel were constitutionally ineffective for failing to challenge the Court's statements during voir dire.

### 4. *Trial Counsel Was Not Ineffective for Failing to Object to the Government's Summation.*

Hossain claims that his trial counsel should have objected to the Government's statements at summation that referenced the testimony of the Government's expert witness, Dr. Tricia Bacon. (*See* Mot. at 9–10.) On direct appeal, the Second Circuit reviewed the Court's decision to allow the Government to reference Dr. Bacon's testimony—albeit under the more deferential standard of review applicable where no contemporaneous objection was raised. *See Hossain*, 2024 WL 4212321, at *2–3. In addition to concluding that the Court "did not commit plain error in permitting the government to reference Bacon's expert testimony in summation," the Second Circuit

found that the Government's statements referencing Bacon's testimony produced "no clear or obvious error affecting Hossain's substantial rights or the fairness, integrity or public reputation of judicial proceedings." *See id.* at *3. Accordingly, even were the Court to assume, contrary to the evidence, that Hossain's trial counsel operated below an objective standard of reasonableness in opting not to object to the Government's statements at summation, Hossain cannot show he was prejudiced by counsel's actions, and his claim fails under *Strickland*'s second prong.

5. *Appellate Counsel Was Not Constitutionally Ineffective for Failing to Argue on Appeal That There Was a Constructive Amendment of the Indictment.*

Hossain faults his appellate counsel for not challenging this Court's instruction to the jury that, with respect Count One of the indictment, the Government was not obligated to prove that Hossain acted with specific intent to aid or encourage the killing of U.S. nationals abroad. (*See* Mot. at 10–12.) Hossain claims that this instruction amounted to a constructive amendment of the indictment and that his appellate counsel should have challenged it as such. (*See id.*) Here, too, the Court finds Hossain's contentions meritless.

"To prevail on a constructive amendment claim, a defendant must demonstrate that the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. D'Amelio*, 683 F.3d 412, 416 (2d Cir. 2012) (citation modified).

Count One of the indictment charged Hossain with attempting to provide material support and resources for terrorism in violation of 18 U.S.C. § 2339A. (Dkt. No. 55 ¶ 1.) In charging the jury on Count One, this Court explained that the Government bore the burden of proving that Hossain had "either knowledge or intent that the material support or resources would be used by someone else in preparing for or in carrying out the crime of killing a national of the United States while that United States national was outside the United States." (Dkt. No. 168 at 932.) The Court went on to explain that this "[did] not require that that predicate crime—killing of U.S. nationals located abroad—have actually been committed or that the defendant had the specific intention to commit, or the intention to aid or encourage, the killing of U.S. nationals located abroad." (*Id.*)

"Section 2339A criminalizes the provision of 'material support' 'knowing or intending' that it will be used in aid of a violation of one of several criminal statutes, including as relevant here, the murder of U.S. nationals abroad. . . . [B]ut there is no

requirement that the defendant specifically know or intend to support a particular terrorist attack." *Hussein v. Dahabshiil Transfer Servs. Ltd.*, 230 F. Supp. 3d 167, 171–72 (S.D.N.Y.) (citation omitted), *aff'd*, 705 F. App'x 40 (2d Cir. 2017). The Court's recitation of the elements required to convict Hossain of Count One were entirely correct, and thus no modification of the "essential elements of the offense charged" occurred. *See D'Amelio*, 683 F.3d at 416. Because an appeal on the basis of constructive amendment would have been meritless, appellate counsel's choice not to raise this theory on direct appeal cannot be deemed ineffective assistance. *See Davis*, 122 F.4th at 76.

### 6. *The Evidence at Trial Forecloses Hossain's Claims Under* Strickland's *Second Prong.*

As noted above, for a movant to succeed on a claim of ineffective assistance of counsel he need not only establish that counsel's representation fell below an objective standard of reasonableness but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88, 694.

The Court previously detailed the extensive evidence presented at Hossain's trial supporting his guilt in an Opinion & Order denying Hossain's post-trial motion to set aside his conviction. *See United States v. Hossain*, 579 F. Supp. 3d 477, 480–82 (S.D.N.Y. 2022). While the Court does not recount this evidence again here, a review of it reveals that it is simply implausible that there is a reasonable probability that the errors now alleged by Hossain would have altered the outcome of the proceedings against him. Accordingly, Hossain's motion may be denied on the basis of *Strickland*'s second prong alone.

## B. The Court Deems Certain of Hossain's Claims Forfeited.

Following the Government's submission of its memorandum of law opposing Hossain's motion (Dkt. No. 228), Hossain submitted a "Supplemental Motion Under Section 2255" (Dkt. No. 229), which this Court construes as a reply to the Government's papers. In that reply, Hossain alleges that his counsel was ineffective on several additional bases, none of which were raised in Hossain's initial motion. (*Compare* Mot., *with* Dkt. No. 229.) Because Hossain excluded these claims from his initial motion, the Court deems them procedurally forfeited. *See Gainey v. Ward*, No. 16-cv-6560, 2019 WL 6608844, at *7 (W.D.N.Y. Dec. 5, 2019) ("To the extent Petitioner is attempting to make that argument the Court deems it to have been forfeited, since he did not raise it initially in his Petition and Respondent never had an opportunity to address it."); *Cruz v. Hallenbeck*, No. 16-cv-9014, 2018 WL 2290695, at *4 (S.D.N.Y. May 18, 2018) ("As an

initial matter, this argument was raised for the first time on reply and therefore was forfeited."). In addition, the Court finds the new arguments to be meritless.

## III. CONCLUSION

For the reasons set forth above, Hossain's motion (Dkt. No. 218) is denied without an evidentiary hearing. Because Hossain has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to defendant as follows: Delowar Mohammed Hossain [87049-054], FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Cresson, PA 16630.

Dated: New York, New York
August 6, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.